**Billy Carl BRUMFIELD**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary.**

**Misc. No. 1111.**

United States District Court,
E. D. Louisiana,
Baton Rouge Division.

Sept. 15, 1970.

Billy Carl Brumfield, in pro. per.

Jack P. F. Gremillion, Atty. Gen., State of La., Jack E. Yelverton, Asst. Atty. Gen., State of La., Baton Rouge, La., for respondent.

WEST, Chief Judge:

Petitioner, Billy Carl Brumfield, seeks a writ of habeas corpus. He is presently serving a fifteen year sentence at Louisiana State Penitentiary after having been tried and convicted of the crime of manslaughter. Following his conviction an appeal was taken in his behalf to the Louisiana Supreme Court, which Court affirmed the con-

6. *Boykin, supra*, 395 U.S. at 243–244, 89 S.Ct. at 1712.

viction and sentence. State v. Brumfield, 254 La. 999, 229 So.2d 76 (1969). The two grounds for appeal were specified as (1) "the trial court erred in allowing the introduction of a confession against the defendant when the State had refused to produce in advance of the trial a written confession which was in its possession, and which had been properly demanded by the defendant", and (2) "(t)he court erred in refusing to instruct the jury that the verdict must be unanimous."

Since petitioner has not sought habeas corpus relief from the State Courts, this Court will now confine its inquiry to those two grounds formerly presented to the Louisiana Supreme Court, and all other grounds asserted for the first time in these proceedings will be dismissed for failure to exhaust available State Court remedies.

 Furthermore, since the issues here presented are legal rather than factual issues, no evidentiary hearing is required.

The record reflects that petitioner was arrested on Sunday, September 24, 1967, in an inebriated state, and although he wanted to present, at that time, his version of the events leading up to the death of one Curtis Brumfield, the arresting officers thought it better to wait until petitioner had sobered up. Consequently, the following day, after carefully explaining all of petitioner's constitutional rights, and after having obtained a written statement from petitioner that he understood his rights and waived the presence of counsel (there is no denial of this), petitioner told the deputies his version of what had happened. During this interview, one of the deputies took written notes which were later typed in statement form. This statement was never signed by the defendant, and the original written notes were apparently destroyed.

Prior to the trial, petitioner's counsel requested a copy of this typewritten statement. The State refused to produce it, and the trial judge ruled that it was not a written confession but merely notes taken by the deputy as evidence of an oral confession and thus not subject to pre-trial inspection.

 At the trial, the deputies testified concerning petitioner's oral confession, and in the course of their testimony, they refreshed their memory by use of those notes. The typewritten notes were then introduced in evidence but were not read to the jury nor made available for inspection by the jury. The Court considered the notes merely as evidence of the oral confession testified to by the deputies. Petitioner contends that this was an improper use of these notes and that he was entitled to a pre-trial inspection of them. Upon review, the Louisiana Supreme Court, in a well written opinion, found no violation of State law in this procedure, and this Court now finds no violation of Federal law. The United States Supreme Court has said that the refusal by State authorities to allow pretrial inspection of statements made by an accused does not violate due process where no prejudice results from the refusal. See Leland v. State of Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952); Cicenia v. LaGay, 357 U.S. 504, 78 S.Ct. 1297, 2 L.Ed.2d 1523 (1958). Neither in his brief to the Louisiana Supreme Court nor in his pleadings here does the petitioner allege prejudice. He merely asserts that due process demanded that he be allowed pre-trial inspection of the statement involved. Such is simply not the law. Without elaboration, and seeing no need to quote at length therefrom, this Court agrees with and adopts the reasons stated by the Louisiana Supreme Court in its opinion at 254 La. 999, 229 So.2d 76, for concluding that neither petitioner's State nor Federal rights were violated by use of the typewritten notes without prior inspection by petitioner or his counsel. After the testimony of the deputies concerning petitioner's oral confession, petitioner's counsel made full use of his opportunity to cross-examine the deputies with the use of

the typewritten notes in question, and no prejudice resulting from the State's refusal to allow a pre-trial inspection thereof was shown. Petitioner's claim in this regard simply does not reach Federal constitutional proportions.

■ As to petitioner's contention that conviction by anything less than a unanimous verdict by a twelve man jury violates his constitutional rights, this Court finds no merit. No law or jurisprudence has been called to this Court's attention, nor can it find any, to the effect that, as of now, unanimity of a twelve man jury is an indispensable element of the Sixth Amendment jury trial. The latest pronouncement of the United States Supreme Court on this question does not support petitioner's contention. See Williams v. Florida, 399 U.S. 78, 90 S.Ct. 1893, 26 L.Ed.2d 446 (June 22, 1970).

For these reasons, petitioner's application for the issuance of a writ of habeas corpus will be denied, and judgment will be entered accordingly.